Freeman and Clarabelle GRAY, Plaintiffs–Appellants,

v.

FIDELITY ACCEPTANCE CORPORATION, Defendant–Appellee.

No. 80–7147
Summary Calendar.

United States Court of Appeals, Fifth Circuit.
Unit B

Jan. 12, 1981.

Bowen, Derrickson, Goldberg & West, Frank Derrickson, Atlanta, Ga., for plaintiffs–appellants.

L. Lamar Sneed, Tucker, Ga., for defendant–appellee.

Before TJOFLAT, VANCE and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

On December 18, 1978 plaintiffs filed suit in the Northern District of Georgia claiming violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq., with two pendent state law claims. Defendant filed an answer on January 5. On January 23 plaintiffs filed a request for production of documents. No further actions were reported in the case.

On August 17, 1979 the case was reassigned to Judge Tidwell. On November 6, in view of the absence of any substantial proceedings of record in the past six months, the case was dismissed without prejudice pursuant to Fed.R.Civ.P. 41(b) and Local Rule 131.13. On November 16 plaintiffs moved to alter or amend the dismissal under Fed.R.Civ.P. 59. The motion was denied January 11, 1980. Plaintiffs appeal.

The statute of limitations for a claim under the Equal Credit Opportunity Act is two years. 15 U.S.C. § 1691e(f). Since the district court's order of January 11, 1980 was handed down after the statute of limitations had run, the dismissal is a final order for purposes of appeal. *Carr v. Grace*, 516 F.2d 502, 503 n.1 (5th Cir. 1975).

By the same token, "where the dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation, the standard of review of the District Court's dismissal should be the same as is used when reviewing a dismissal with prejudice." *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). *Accord, Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *see Moore v. St. Louis Music Supply Co.*, 539 F.2d 1191, 1194 (8th Cir. 1976).

Dismissal with prejudice, however, is an extreme sanction that deprives a litigant of the opportunity to pursue his claim. Although on an appeal from the imposition of such a sanction this court will confine its review to a determination of whether the district court abused its discretion, we have consistently held that dismissal with prejudice is warranted only where "a clear record of delay or contumacious conduct by the plaintiff" exists, *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967), and "a lesser sanction would not better serve the interests of justice," *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970).
*Gonzalez v. Firestone Tire and Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980).

In the present case, plaintiffs concede negligence. However, there is no "clear record of delay or contumacious conduct" sufficient to justify the extreme sanction of dismissal with prejudice. The delay, while significant, is not outrageous. Nor have plaintiffs disobeyed court orders. *See*

*Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885 (5th Cir.), *cert. denied*, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968) (dismissal with prejudice reversed, although plaintiff delayed eight months in pursuing case and appeared at pretrial conferences unprepared). Under the circumstances, we believe a lesser sanction would better serve the interests of justice.

REVERSED and REMANDED.