IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 8, 2008

Charles R. Fulbruge III
Clerk

No. 06-50356
Summary Calendar

KEITH CAMPBELL

Plaintiff-Appellant

v.

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; EDUARDO
CARMONA; SALER, Lieutenant; DEANDA, Correctional Officer; LARA,
Correctional Officer

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:06-CV-1

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Keith Campbell, Texas prisoner # 1219880, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court denied Campbell's IFP motion and certified that the appeal was not taken in good faith. By moving for IFP status, Campbell is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Campbell contends that the district court erred in dismissing his complaint for want of prosecution and denying his motion to proceed IFP on appeal. Although the district court's dismissal of Campbell's complaint was without prejudice, a re-filed complaint would probably be barred by the applicable two-year statute of limitations, and, thus, the standard of review is the same as is used when reviewing a dismissal with prejudice. See Gray v. Fidelity Acceptance Corp., 634 F.2d 226, 227 (5th Cir. 1981). Under this narrower standard, dismissal is generally permitted only in the face of a clear record of delay or contumacious conduct by the plaintiff and when the district court has determined that lesser sanctions were or would be futile. Id. Further, this court usually finds at least one of three aggravating factors when it affirms dismissals with prejudice: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 418 (5th Cir. 2006).

A review of the record shows no clear record of purposeful delay or contumacious conduct by Campbell. On January 23, 2006, the district court ordered Campbell to re-file his complaint on the proper 42 U.S.C. § 1983 form by February 8, 2006. Campbell failed to comply with the district court's order, and the district court dismissed his complaint 17 days later on February 9, 2006. The district court did not determine that lesser sanctions would not prompt diligent prosecution, and the record does not indicate that the district court employed lesser sanctions that proved to be futile. Further, as the district court did not inquire into the presence of aggravating factors, the record does not establish the existence of the usual aggravating factors. Therefore, the district court abused its discretion in dismissing Campbell's complaint for want of prosecution, and Campbell has demonstrated that his appeal involves legal points arguable on their merits. See Gray, 634 F.2d at 227; Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Campbell's motion for leave to

proceed IFP on appeal is granted, the district court's judgment is vacated, and the case is remanded to the district court for further proceedings.

On May 21, 2007, this court barred Campbell, pursuant to 28 U.S.C. § 1915(g), from proceeding IFP in any civil action or appeal brought while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. Campbell v. Bear, No. 06-10196 (5th Cir. May 21, 2007) (unpublished); Campbell v. Pace Setter Personnel, No. 06-10478 (5th Cir. May 21, 2007) (unpublished). Because Campbell filed his complaint and IFP motion prior to this court's imposition of the § 1915(g) bar, Campbell is not barred from proceeding IFP in the instant case. Nevertheless, he is barred from proceeding IFP in any future civil actions or appeals brought while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

IFP MOTION GRANTED; VACATED AND REMANDED.