Walter RICE, ID # 07079333, Plaintiff,

v.

**Roseline MgBAKOR, Dr. Joe Oliver Hicks, and Officer Andrews, Defendants.**

Civil Action No. 3:08–CV–0152–L.

United States District Court, N.D. Texas, Dallas Division.

June 17, 2008.

---

Walter Rice, Dallas, TX, pro se.

## ORDER

SAM A. LINDSAY, District Judge.

Before the court is Plaintiff's Pro Se Civil Rights Complaint ("Complaint"), filed January 31, 2008. Pursuant to Special Order 3-251, the Complaint was referred to United States Magistrate Judge Irma C. Ramirez on January 31, 2008. On February 16, 2008, the Findings and Recommendation of the United States Magistrate Judge ("Report") was filed. Neither party has filed objections to the Report.

Plaintiff filed a previous civil action, 3:05–CV–1048–R, pursuant to 42 U.S.C. § 1983 (2003). On September 11, 2007, the court dismissed the action without prejudice to Plaintiff's right to reopen the case if he filed a written request within thirty days of the date of the order. The court informed Plaintiff that after thirty days, he would be required to file a new civil action to pursue his claims. Order Dismissing Case, Sept. 11, 2007. Because Plaintiff failed to inform the court of an address change, he did not receive several filings and was unaware that his case had been dismissed. The magistrate judge found that Plaintiff's actions did not rise to the level of delay or contumacious conduct and that the applicable two-year statute of limitations likely bars further litigation of his claims in a separate action. She recommended that the court exercise its inherent authority to control its docket by directing the clerk of the court to administratively close this action and reopen Plaintiff's prior action.

Having reviewed the petition, file, record, and the Report in this case, the court determines that the findings and conclusions are correct in part. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court, except with respect to the findings and conclusions relating to the court's authority to reopen Plaintiff's prior action. The court can find no legal authority that allows it to reopen a case that is no longer pending and on another judge's docket. Given the unusual posture of the case, the court finds that the better approach is to allow this case to proceed in the same condition as

was the previous case before it was dismissed.* The parties may raise any arguments as they deem appropriate with respect to any remaining claim or defense.

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

IRMA CARRILLO RAMIREZ, United States Magistrate Judge.

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I.

On January 31, 2008, the Court received the instant pro se civil action filed pursuant to 42 U.S.C. § 1983 against Lupe Valdez and other individuals connected to the Dallas County Jail. The commencement of this action follows a September 11, 2007 dismissal of Plaintiff's prior § 1983 action against the same defendants in Cause No. 3:05–CV–1048–R. That case that had progressed to the point where the District Judge had entered an abbreviated scheduling order setting the case on the Court's November 2007 trial docket. Because Plaintiff's copy of that scheduling order and another contemporaneous order were returned to the Court as undeliverable, the District Court ordered the prior case "dismissed without prejudice to Plaintiff's right to re-open the case, provided he files a written request within thirty days of the date of this order." The District Court

further provided that "[a]fter thirty days, Plaintiff will be required to file a new civil action if he wishes to pursue his claims."

Plaintiff did not receive notice of the dismissal until sometime in November 2007, after the Clerk's Office responded to a status inquiry by sending him the documents that had been returned to the Court and specifically informing him that his case had been dismissed. Plaintiff apparently responded to that notice by commencing this action in January 2008.

### II.

Based on the language that the dismissal was "without prejudice to Plaintiff's right to re-open the case" within thirty days and the direction to thereafter "file a new civil action if he wishes to pursue his claims," it appears that the District Court intended the dismissal to be without prejudice to pursuit of the live claims at the time of dismissal.[1]

■■■ Because Plaintiff commenced the prior action in May 2005, the applicable two-year statute of limitations probably bars further litigation of his claims in this separate action. *See Piotrowski v. City of Houston,* 237 F.3d 567, 576 (5th Cir.2001) (recognizing that a two-year statute of limitations applies to § 1983 actions in Texas). When "the statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed", the appellate courts review dismissals without prejudice under the same standards as reviewing a dismissal with prejudice. *Boazman v. Economics Lab., Inc.,* 537 F.2d 210, 213 (5th Cir.1976). Such review is appropriate when "the ap-

---

* By its order issued June 2, 2006, the court dismissed with prejudice all section 1983 claims against Roseline MgBakor and Dr. Joe Oliver Hicks in their official capacities, leaving intact only Plaintiff's section 1983 claims against them in their individual capacities. This action was dismissed with prejudice as to

Defendant Lupe Valdez on January 19, 2007. Accordingly, these claims are no longer before the court and are not part of this action.

1. The Court had ruled on a number of dispositive motions which had reduced the number of defendants and claims remaining in the action.

plicable statute of limitations probably bars further litigation" because despite the intent for a dismissal without prejudice, the likely practical effect is a dismissal with prejudice. *Id.*

■ The Fifth Circuit Court of Appeals views dismissals with prejudice as "an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Gray v. Fidelity Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir.1981) (per curiam). To warrant such a harsh sanction, there must be "a clear record of delay or contumacious conduct by the plaintiff" and the interests of justice must not be better served by lesser sanctions. *Id.* (citations omitted).

■ The record does not reflect conduct which rises to the level of delay or contumacious conduct. Although Plaintiff's prior action had progressed to a trial setting, the Court dismissed the action on September 11, 2007 because Plaintiff had failed to notify the Court of a change of address. Without knowledge that his case had been dismissed, Plaintiff filed a written request on or before November 6, 2007,[2] seeking an "update of all orders and motions." After he received the Clerk's Office response that his action had been dismissed, Plaintiff filed this action in January 2008 so as to pursue his claims consistent with the order of dismissal. Thus, within a relatively brief period of time after the Court dismissed his prior action, Plaintiff filed a document indicating his desire to proceed with the dismissed action, and within a second relatively brief time period after receiving actual notice of the dismiss-

al, he filed the instant action. Despite Plaintiff's intent to pursue this action and the District Court's intent to permit him to do so, the circumstances essentially transform the prior dismissal into one with prejudice precluding further pursuit of the claims. While it is certainly Plaintiff's responsibility to keep the Court apprised of his current address so that the case may properly proceed, a sanction less harsh than a dismissal with prejudice would better serve the interests of justice.

The Court has the inherent authority to control its docket and the cases pending before it. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The courts are necessarily vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31, 82 S.Ct. 1386. Under the facts of this case, the Court should exercise its inherent authority to direct the Clerk of the Court to administratively close this pro se action and reopen Plaintiff's prior action. Such course of action gives appropriate deference to the clear intent that Plaintiff be able to pursue his claims and avoids an unduly harsh and unintended sanction to the pro se Plaintiff. Nevertheless, Plaintiff is strongly admonished that, even as a pro se litigant, he has a duty to comply with the applicable federal and local rules of civil procedure and must timely apprise the Court of any change of contact information.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court direct the

---

**2.** The Court received the filing on November 9, 2007. Although Plaintiff has not dated the filing, it arrived in an envelope with a postmark of November 6, 2007. Because Plaintiff filed the request as a prisoner within the Dallas County Jail, he filed it when he delivered it to jail authorities for mailing. *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th

Cir.1995) (recognizing that under the prison mailbox rule, an action under 42 U.S.C. § 1983 is deemed filed when the prisoner delivers the pleadings to prison authorities for mailing to the court); *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir.2001) (recognizing that the mailbox rule generally applies to all prisoner district court filings).

512

Clerk of the Court to administratively close this action (No. 3:08–CV–0152–L) and to re-open Plaintiff's prior action (No. 3:05–CV–1048–R).

**SIGNED this 16th day of February, 2008.**