United States Court of Appeals
Fifth Circuit

**F I L E D**
July 31, 2009

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 07-20374
Summary Calendar

JIRRON DEMON CURTIS

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-4042

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:*

Jirron Demon Curtis, Texas prisoner # 1182051, was convicted by a jury
of aggravated robbery and sentenced to 65 years of imprisonment. This appeal
arises from the district court's dismissal without prejudice of Curtis's petition for
a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after Curtis failed to reply
to the respondent's summary judgment motion within 30 days. Curtis argues
that the district court abused its discretion in dismissing his petition for want

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

of prosecution because his delay in filing the ordered response was not attributable to either purposeful delay or willful disobedience.

A district court has the authority to dismiss an action for failure to prosecute or for failure to comply with any court order. FED. R. CIV. P. 41(b). The court possesses the inherent authority to dismiss the action *sua sponte* in the absence of a motion by the defendant. *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). The dismissal of an action pursuant to Rule 41(b) is reviewed for abuse of discretion. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). A dismissal without prejudice generally does not operate as an adjudication on the merits; however, where the applicable statute of limitations probably bars further litigation, the district court's dismissal should be reviewed as if the dismissal had been with prejudice. *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981); FED. R. CIV. PRO. 41(b). The parties agree that Curtis's statute of limitations period expired during the pendency of his habeas proceedings and that the district court's dismissal should be properly viewed as a dismissal with prejudice. We concur.

A dismissal with prejudice is an extreme sanction that deprives the petitioner of the opportunity to pursue his claim further. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008); *Gray*, 634 F.2d at 227. Consequently, district courts have limited discretion to dismiss a claim with prejudice, and this court will affirm such a dismissal only where the history of the case indicates both (1) a clear record of purposeful delay or contumacious conduct by the petitioner and (2) an express determination that the best interests of justice would not be better served by lesser sanctions. *Millan*, 546 F.3d at 326; *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). In addition, when affirming dismissals with prejudice, this court has usually found at least one of three aggravating factors which include (1) the extent to which the plaintiff, not his attorney, was personally responsible for the delay, (2) the

degree of actual prejudice to the defendant, and (3) whether the delay was caused by intentional conduct. *Millan*, 546 F.3d at 326.

There is not a clear record of purposeful delay or contumacious conduct by Curtis. This court's cases have recognized that a delay warranting dismissal with prejudice must be longer than a few months and is characterized by "'significant periods of total inactivity.'" *Id.* at 326-27 (citing *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988)); *John v. Louisiana*, 828 F.2d 1129, 1131 (5th Cir. 1987). In fact, dismissals with prejudice have generally been reserved for "'egregious and sometimes outrageous delays.'" *Millan*, 546 F.3d at 327 (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A delay of less than 45 days passed between the filing of the summary judgment motion on March 22, 2007, and the dismissal of the action on May 4, 2007.

Moreover, a party's negligence-regardless of how careless or inconsiderate-does not make conduct contumacious; "instead it is the stubborn resistence to authority which justifies a dismissal with prejudice." *Millan*, 546 F.3d at 327. Curtis asserts that his untimely response was attributable to the lockdown of his prison unit, which left him with no legal aid or legal supplies. Although it might have been unreasonable or imprudent for Curtis to assume that the lockdown excused his timely compliance with the district court's order to file a response to the summary judgment motion, the omission was "more a matter of negligence than purposeful delay or contumaciousness." *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984).

Furthermore, this court has generally held that the district court abuses its discretion when it dismisses a case with prejudice where the petitioner "fail[s] only to comply with a few court orders." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1192 & n. 6 (5th Cir. 1992) (citing cases). The failure to reply to the respondent's summary judgment motion appears to be the only instance in which Curtis did not comply with the district court's orders.

In addition, the record is silent on whether the district court considered lesser sanctions and determined them to be futile. *See McNeal*, 842 F.2d at 793-94. Also, none of the usual aggravating factors appear to be present in this case. *See Millan*, 546 F.3d at 327. Accordingly, the district court's dismissal was an abuse of discretion. *See Long*, 77 F.3d at 880. The district court's judgment is hereby VACATED and the case is REMANDED for further proceedings consistent with this opinion.