[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2011
JOHN LEY
CLERK

_____

No. 10-13269
Non-Argument Calendar

_____

D.C. Docket No. 2:10-cv-00086-WS-B

KALIM A.R. MUHAMMAD,

                                                      Plaintiff-Appellant,

versus

BRENDA BETHEL,
DALLAS COUNTY DEPARTMENT OF HUMAN RESOURCES,
LAJENNA HATCHER,
STATE OF ALABAMA DEPARTMENT OF HUMAN RESOURCES,
ROBERT E. ARMSTRONG,
P. VAUGHN RUSSELL,

                                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 18, 2011)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Kalim Muhammad, a <u>pro se</u> litigant alleging violations under 42 U.S.C. §§ 1983-1986, appeals the district court's denial of his motion for default judgment and the court's <u>sua sponte</u> dismissal of his action for failing to comply with its orders. On appeal, Muhammad argues that: (1) the district court abused its discretion in dismissing his motion for default judgment against defendant Brenda Bethel because she never answered his complaint; and (2) the district court abused its discretion in <u>sua sponte</u> dismissing his action for failing to comply with its order to amend his complaint in accordance with local and federal procedural rules. After careful review, we affirm.[1]

We review a district court's denial of a motion for default judgment for abuse of discretion. <u>Wahl v. McIver</u>, 773 F.2d 1169, 1174 (11th Cir. 1985). We review a district court's dismissal of an action for abuse of discretion. <u>Dynes v. Army Air Force Exch. Serv.</u>, 720 F.2d 1495, 1499 (11th Cir. 1983).

First, we are unpersuaded by Muhammad's argument that the district court abused its discretion in dismissing his motion for default judgment. A default

---

[1] In addition, Kalim Muhammad's motion for default judgment against Brenda Bethel is DENIED.

judgment "is a drastic remedy which should be used only in extreme situations." Wahl, 773 F.2d at 1174. We have upheld the denial of a motion for default judgment where the district court found "convincing evidence" that the defendant had not been served with the complaint and that the plaintiff had not been prejudiced. Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985) (quotation omitted).

Here, the district court did not abuse its discretion in denying Muhammad's motion for default judgment against defendant Brenda Bethel. Although Muhammad alleged in his motion that Bethel had "received notice of the complaint," he did not offer proof that this was true. If Bethel had not been served with the complaint, then she was under no obligation to respond. The district court was correct to deny such a "drastic remedy" where Muhammad offered no proof that Bethel was obligated to respond to his complaint. As to Muhammad's attempt, after the denial of this motion, to prove that Bethel had been served, the district court did not err in disregarding his proffer. The certified mail return receipt was signed by a "Tracey Estes," and Muhammad offered no proof that Estes was an agent "specifically authorized by [Bethel] to receive [Bethel's] mail." Ala.R.Civ.P. 4(i)(2)(C). Further, as discussed below, because the district court correctly dismissed Muhammad's action for failing to comply with its orders, Muhammad was not prejudiced by the denial of his motion for default judgment.

3

We also reject Muhammad's claim that the district court abused its discretion in sua sponte dismissing his action. A district court may sua sponte dismiss an action under Federal Rule of Civil Procedure 41(b) for failing to comply with a court order. Lopez v. Ark. Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)[2]; Fed.R.Civ.P. 41(b). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

However, where the statute of limitations will bar future litigation of an action dismissed without prejudice, we review the dismissal as if it was with prejudice. Gray v. Fid. Acceptance Corp., 634 F.2d 226, 227 (5th Cir. Unit B 1981).[3] Muhammad's claim is governed by Alabama's two-year statute of limitations under Ala. Code § 6-2-38(l). See City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations.").

Although pro se pleadings are to be construed liberally, a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

[3] In Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982), we adopted as binding precedent all Fifth Circuit Unit B decisions from any date.

4

to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds, see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

As an initial matter, Muhammad's action was dismissed approximately one month before Alabama's two-year statute of limitations would have run.  Thus, Muhammad had time to re-file his lawsuit before the statute of limitations ran, and we do not review the dismissal as if it was with prejudice.  See Gray, 634 F.2d at 227.

Next, Muhammad is incorrect that the court should have held a status conference to specify on which claims he could proceed.  The court was not allowed to serve as Muhammad's "de facto counsel," and in its order to amend his complaint, the court had already provided clear instructions on how to do so.  GJR Invs., Inc., 132 F.3d at 1369.

Finally, despite Muhammad's argument on appeal that the district court did not provide clear instructions on how to amend his complaint, the court twice warned Muhammad that he would be bound by both local and federal procedural rules and that the court could not rewrite deficient pleadings for him.  As noted, the court also provided clear instructions on how to fix the complaint's deficiencies, including citations to the relevant local rules, the Federal Rules of Civil Procedure, and an Eleventh Circuit case explaining shotgun pleadings.  Furthermore, the court also

5

twice warned Muhammad that his action would be dismissed without prejudice if he failed to correct the deficiencies in his complaint. Despite these instructions and warnings, Muhammad's second amended complaint was a 36-page document which included a series of rights that the defendants allegedly violated; an incorporation of facts and claims from Muhammad's previous filings -- which the court had expressly forbidden in an earlier order; a single-spaced section listing a variety of constitutional sections, statutory sections, Federal Rules of Civil Procedure, and cases; and a single-spaced section listing a number of rulings that Muhammad hoped the court would make. This complaint did not comply with the court's order to file a double-spaced, concise complaint that would make clear which claims for relief related to which facts. Because Muhammad failed to comply with the court's order to fix these deficiencies, even after being warned that failure to comply would result in the dismissal of his action without prejudice, the court did not abuse its discretion in dismissing his lawsuit. See Moon, 863 F.2d at 837.

**AFFIRMED.**