[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13533
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-00030-WS-B


KALIM A.R. MUHAMMAD,

Plaintiff-Appellant,

versus

BRENDA L. BETHEL MUHAMMAD,
WANDA GOODWIN,
ALABAMA DHR,
DALLAS COUNTY DHR,
JUDGE ROBERT ARMSTRONG,
JUDGE JO SELESSE PETTWAY,
ROBERT BENTLEY,
LA JENNA HATCHER,
LUTHER STRANGE,
PAUL V. RUSSELL,
SHERIFF RANDY HUFFMAN et al.
EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES, INC.

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(March 31, 2014)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Kalim Muhammad, proceeding pro se, appeals from the district court's order dismissing without prejudice his amended complaint, brought under 42 U.S.C. § 1983, and various additional federal and state statutes. The district court sua sponte dismissed Muhammad's suit pursuant to its authority under Fed.R.Civ.P. 41(b), concluding that Muhammad had failed to obey a court order. On appeal, Muhammad contends that the dismissal was in error because: (1) it violated constitutional guarantees, federal statute and rules, court precedents, and principles of judicial ethics; and (2) his pro se status should have excused him from strictly complying with pleading standards. After careful review, we affirm.

We review a district court's dismissal of an action under Fed.R.Civ.P. 41 for abuse of discretion. Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999). We construe pro se pleadings liberally, Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003), but a defendant's pro se status in civil litigation generally will not excuse mistakes involving procedural rules, see McNeil v. United States,

2

508 U.S. 106, 113 (1993) (stating, in the context of a Federal Tort Claims Act suit, that the Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").  Moreover, issues not briefed on appeal by pro se litigants are deemed abandoned.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

A district court may sua sponte dismiss an action under Fed.R.Civ.P. 41(b) for failing to comply with a court order.  Gratton, 178 F.3d at 1374; see also Fed.R.Civ.P. 41(b).  "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  However, where the statute of limitations will bar future litigation of an action dismissed without prejudice, we review the dismissal as if it was with prejudice.  Gray v. Fid. Acceptance Corp., 634 F.2d 226, 227 (5th Cir. Unit B 1981).[1]

Here, Muhummad's original complaint consisted of 31 pages, including a "legend" explaining the meaning of symbols used throughout the pleading.  It contained very few factual allegations to support the claims, and failed to tie those allegations to specific causes of action.  Further, the complaint presented multiple claims within the same sentences, used long phrases and paragraphs, and sought to incorporate facts from one of Muhammad's two previously filed, related cases.

---

[1] Decisions issued by a Unit B panel of the former Fifth Circuit constitute binding precedent in the Eleventh Circuit. See Stein v. Reynolds Secs., Inc., 667 F.2d 33, 34 (11th Cir. 1982).

In response to a group of defendants' motions for a more definite statement, the district court ordered Muhammad to file and serve an amended complaint. It found that his complaint currently violated almost every pleading requirement, as it lacked, in part: (1) a short and plain statement of the claims; (2) a coherent listing of facts; (3) any attempt to tie the factual allegations to the claims; and (4) a comprehensible listing of the counts. The district court ordered Muhammad to comply with all relevant pleading rules and requirements in his amended complaint, and cautioned that failure to do so would result in his case being dismissed without prejudice. It also attached copies of similar orders from Muhammad's two previous cases to provide greater explanation of the pleading requirements. When Muhammad's amended complaint contained "every flaw of its predecessor," the district court dismissed his suit without prejudice under Fed.R.Civ.P. 41(b).

Because Muhammad's amended complaint was very similar to his original complaint, it is clear that he did not obey the court's order to produce a pleading that complied with federal standards. Accordingly, the court had the power to dismiss his claim. Fed.R.Civ.P. 41(b); Gratton, 178 F.3d at 1374. Moreover, since the district court warned Muhammad that his suit would be dismissed if he did not correct the complaint, and provided ample instructions on how to craft a proper

pleading during this case and his previous two, it did not abuse its discretion in dismissing the case without prejudice. See Moon, 863 F.2d at 837.

Furthermore, the dismissal did not prejudice Muhammad, so abuse of discretion review is the appropriate standard. See Gray, 634 F.2d at 227. Muhammad's claims centered around three main events: (1) a child custody dispute; (2) Experian Information Solutions, Inc.'s ("Experian") and Equifax Information Services, Inc.'s ("Equifax") reporting of his credit score and blockage of his business venture; and (3) a December 2012 arrest. As for the arrest, § 1983 actions in Alabama have a two-year statute-of-limitations period, and torts under Alabama law generally have a two-year limitations period. Ala. Code § 6-2-38(l); Baker v. Birmingham Bd. of Educ., 531 F.3d 1336, 1337-38 & n.2 (11th Cir. 2008). Thus, because Muhammad's amended complaint was dismissed in April 2013, Muhammad still had over a year -- until December 2014 -- to refile his arrest-related claims.

In addition, while it is uncertain when the child-custody dispute and credit issues began, Muhammad already had an ongoing lawsuit addressing those events at the time of the dismissal. It is also unclear when Experian and Equifax allegedly blocked Muhammad from launching his business, but it is likely the event occurred after February 2012, when Muhammad filed an amended complaint that did not mention the event in the second of his related lawsuits. Using that February date,

5

he had, at a minimum, almost a year to refile.  Ala. Code § 6-2-38(l); <u>Baker</u>, 531 F.3d at 1337-38.  Accordingly, the court's dismissal was not tantamount to a dismissal with prejudice.  <u>Gray</u>, 634 F.2d at 227.

While Muhammad is correct in asserting that he is entitled to some flexibility as a <u>pro se</u> litigant, he cannot circumvent the Federal Rules of Civil Procedure by virtue of his status.  His complaint and amended complaint lacked a short and plain statement of the claims, as required by Fed.R.Civ.P. 8(a)(2).  Muhammad also failed to comply with a court order, which allows for dismissal under the Rules.  Fed.R.Civ.P. 41(b).  These mistakes were procedural in nature, and we generally do not excuse <u>pro se</u> litigants' procedural mistakes.  As a result, Muhammad's <u>pro se</u> status did not entitle him to reduced pleading standards and does not now affect the outcome of his appeal.

Finally, to the extent Muhammad seeks review of his second and third post-judgment motions, he abandoned his claims by failing to offer argument or authority in support of his position on appeal.  <u>Timson</u>, 518 F.3d at 874.

**AFFIRMED.**

6