[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10905
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-21834-UU

GAYNETT POWELL,

Plaintiff-Appellant,

versus

ASSISTANT WARDEN HARRIS,
South Florida Reception Center,
ASSISTANT WARDEN VERGUSE,
South Florida Reception Center,
COLONEL WARDEN MCHENRY,
South Florida Reception Center,
RT THAMAS,
South Florida Reception Center,
CAPTAIN LEWIS,
South Florida Reception Center, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 13, 2015)

Before TJOFLAT, MARCUS and JULIE CARNES, Circuit Judges.

PER CURIAM:

Gaynett Powell, appearing pro se, appeals the district court's sua sponte dismissal of his civil complaint, filed pursuant to 42 U.S.C. § 1983.  The district court dismissed his complaint without prejudice for failure to comply with the court's orders, pursuant to rule 41(b) of the Federal Rules of Civil Procedure.  On appeal, Powell argues that he complied with the Federal Rules of Civil Procedure and that the court abused its discretion in dismissing his complaint for failing to follow its orders, which substantially exceeded the requirements of the Federal Rules of Civil Procedure.  After thorough review, we affirm.

We review a district court's decision to dismiss a case for failure to comply with the rules of the court for abuse of discretion.  Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006).  We construe pleadings filed by pro se parties liberally.  Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

Rule 8 of the Federal Rules of Civil Procedure requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1).  The district court can sua sponte require a plaintiff to plead a case in accordance with the

2

Federal Rules of Civil Procedure.  See Fikes v. City of Daphne, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996) (discussing inherent power of court).

In addition, Rule 10 requires that each claim be presented in a separate numbered paragraph, "each limited as far as practicable to a single set of circumstances" and that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Fed. R. Civ. P. 10(b); see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (stating that multiple claims should be presented "with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading").

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  Rule 41(b) provides the district court "discretion to impose sanctions on a party who fails to adhere to court rules."  Zocaras, 465 F.3d at 483.  A district court may sua sponte dismiss a case under Rule 41(b).  Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005).  "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Where the statute of limitations will bar future litigation, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used. Gray v. Fid. Acceptance Corp., 634 F.2d 226, 227 (5th Cir. 1981).[1] Dismissal with prejudice under Rule 41(b) is appropriate where there is "a clear record of willful contempt and an implicit or explicit finding that lesser sanctions would not suffice." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999) (quotation omitted).

Here, the record reveals that the district court twice instructed Powell on how to correct his complaint and warned him about the consequences of not doing so, but Powell ignored the court's orders and filed an amended complaint with the same deficiencies. First, when Powell filed his initial motion for preliminary injunction, the magistrate judge directed Powell to file an amended complaint and provided him with instructions and a form complaint to assist him in filing his claim. In response, he filed an 82-page complaint that included a narrative of his various encounters with the defendants over several years. Thereafter, the magistrate judge was very clear when it then instructed Powell to file a final amended complaint that clearly stated the constitutional violations that occurred without including claims that took place outside of the district. Despite the magistrate judge's order to correct the issues, Powell filed another complaint

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

containing the same issues.  The 77-page final amended complaint contained 45 pages of narrative.  While the complaint did contain a legal claims section that asserted the claims against the individual defendants, it was unclear which facts supported each of his claims.  On this record, the district court did not abuse its discretion by finally dismissing the complaint when Powell failed to comply with its orders.

While Powell is correct in describing dismissal as an extraordinary sanction, the district court dismissed his complaint without prejudice, explicitly allowing Powell to file a new complaint that complied with the court's order and the Federal Rules of Civil Procedure.  Although Powell mentioned in his amended complaint that prison officials had been harassing him since 2007, the earliest event specifically discussed in the complaint occurred in March 2012.  Therefore, the district court's dismissal was not tantamount to a dismissal with prejudice, because Powell still has time to refile his complaint.

As for Powell's claim that the district court should have transferred the case to a district where venue was proper rather than dismissing, the district court dismissed Powell's case due to his noncompliance with the court's order, not for lack of venue.  To clarify and limit the claims presented, the court instructed Powell to only bring claims with proper venue in the United States District Court for the Southern District of Florida, which Powell failed to do.  For these reasons,

5

the district court did not abuse its discretion in dismissing Powell's complaint without prejudice.

**AFFIRMED**.