# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-11028
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2016

Lyle W. Cayce
Clerk

LAURA LEE MASTRONARDI, formerly known as Laura Lee Sawyer;
BRENTON JAMES MASTRONARDI,

> Plaintiffs - Appellants

v.

WELLS FARGO BANK, NATIONAL ASSOCIATION; HECTOR ESTRADA;
MEGAN MARIN,

> Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CV-452

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The district court dismissed Laura Lee and Brenton James Mastronardi's breach of contract, conspiracy, fraud, and fraudulent inducement claims against Wells Fargo Bank and two bank employees. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11028

## FACTS AND PROCEDURAL BACKGROUND

In 2012, Laura Lee and Brenton James Mastronardi defaulted on the loan on their home in Fort Worth, Texas. Wells Fargo Bank, the mortgagee, enrolled the Mastronardis in a forbearance plan to reduce their monthly payments for one year. The Mastronardis alleged that Wells Fargo agreed to modify their loan when the plan ended but later reneged. The Mastronardis further alleged that the denial of their loan modification application was the result of a conspiracy between Wells Fargo and two of its employees, Hector Estrada and Megan Marin, to lose and refuse to process the documentation necessary to complete the transaction. After Wells Fargo began the foreclosure process, the Mastronardis filed this lawsuit in Texas state court alleging breach of contract, conspiracy, fraud, and fraudulent inducement claims against Wells Fargo, Estrada, and Marin (collectively, "the defendants").

The defendants removed the case on diversity grounds under 28 U.S.C. § 1332. They argued that Wells Fargo's principal place of business is South Dakota, and Estrada's and Marin's Texas domiciles should be disregarded because the employees were "nominal parties . . . improperly joined." The Mastronardis countered that they stated viable fraud and conspiracy claims against Estrada and Marin and moved to remand. The district court held Estrada and Marin were improperly joined, dismissed the claims against them, and denied the motion to remand. The district court later dismissed the claims against Wells Fargo with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Mastronardis timely appealed.

## DISCUSSION

### I.    *Fraudulent Joinder*

The Mastronardis first contend the district court erred in analyzing the sufficiency of their fraud and conspiracy claims against Estrada and Marin

under the equivalent of the federal pleading standard instead of Texas's more lenient "notice" pleading standard. The district court concluded that a recent amendment to the Texas Rules of Civil Procedure made the state's "failure-to-state-a-claim rule . . . substantially the same as the federal rule . . . ." The Mastronardis concede on appeal that their complaint "may not 'meet . . . federal pleading requirements . . . .'"

Under the fraudulent joinder doctrine, a district court may dismiss a nondiverse defendant who is made a party in order to defeat federal jurisdiction. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136–37 (5th Cir. 2016) (en banc). One of the ways a defendant may establish improper joinder is by showing "there is no possibility of recovery by the plaintiff against [a nondiverse] defendant, . . . mean[ing] that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a nondiverse] defendant."[1] *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Wells Fargo argues that the federal pleading standard applies when a court considers whether a defendant is fraudulently joined. The Mastronardis' claims against Estrada and Marin are insufficiently pled under either the federal standard or the revised Texas standard, which now tracks the federal standard. *See* TEX. R. CIV. P. 91a.1; *Wooley v. Schaffer*, 447 S.W.3d 71, 75–76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

## II.    *Rule 41(b) Dismissal*

The Mastronardis next argue that the district court abused its discretion

---

[1] The Mastronardis also argue that the defendants did not "clearly and convincingly prove[]" that Estrada and Marin were improperly joined. This argument was not presented to the district court and is therefore waived. *See Texas Commercial Energy v. TXU Energy, Inc.*, 413 F.3d 503, 510 (5th Cir. 2005).

in dismissing their claims against Wells Fargo with prejudice[2] for failure to prosecute. *See* FED. R. CIV. P. 41(b). "A dismissal with prejudice is an extreme sanction . . . ." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quotation marks omitted). We will affirm a Rule 41(b) dismissal with-prejudice for failure to prosecute where "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the . . . record shows that the district court employed lesser sanctions that proved to be futile." *Id.* (footnote omitted). Affirmance also usually requires the existence of "at least one of three aggravating factors" including delay caused by the plaintiff (not counsel), "delay caused by intentional conduct[,]" or "actual prejudice to the defendant." *Id.*

Here, after dismissing the claims against Estrada and Marin, the district court ordered the Mastronardis to file an amended complaint alleging claims against Wells Fargo "consistent with federal pleading requirements . . . ." The Mastronardis requested a three-day extension, which was granted, but failed to file an amended complaint. The district court ordered the Mastronardis to "show cause by an appropriate written filing . . . why their claims in this action should not be dismissed . . . ." The show cause order warned the Mastronardis that failure to comply "may result in the imposition of sanctions," including dismissal. The Mastronardis again failed to file.

The Mastronardis admit their violation of the court's orders was "inexcusable." They contend, however, that with-prejudice dismissal was unwarranted because there was no inordinate delay in the case, nothing in the record indicates their conduct was "willful and deliberate," and the district

---

[2] The final judgment does not state whether the lawsuit is dismissed with prejudice. A Rule 41(b) dismissal for failure to prosecute, however, "is a complete adjudication on the merits, and thus with prejudice" unless the order states otherwise. *Edwards v. City of Houston*, 78 F.3d 983, 994 (5th Cir. 1996).

court failed to consider imposing a lesser sanction.

While there is no evidence of intentional conduct in the record, the Mastronardis and their counsel offered no explanation in their motion for reconsideration for their failure to follow the district court's orders. They also do not provide any explanation on appeal except that their conduct was caused by the "inadvertence" of their attorney. We have held that there was no abuse of discretion in a Rule 41(b) dismissal with prejudice when a plaintiff provided no explanation for his inaction on a case. *Dillon v. Diamond Offshore Mgmt. Co.*, No. 02-40064, 2002 WL 1940080, at *1 (5th Cir. July 23, 2002). A plaintiff's failure to give a meaningful explanation for failure to comply with a court order to file an amended complaint by a certain date may by itself justify a dismissal. Here, though, the district court first imposed a lesser penalty through a show-cause order, warning the Mastronardis that failure to respond to that order could result in dismissal. *See Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985) (providing that an "explicit warning[]" is a lesser sanction than dismissal).

On these facts, the district court did not abuse its discretion in dismissing the Mastronardis' case with prejudice.

AFFIRMED.