# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-31239

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2017

Lyle W. Cayce
Clerk

JORGE DOMINGUEZ, JR.,

      Plaintiff - Appellant

v.

CROSBY TUGS, L.L.C.; CROSBY MARINE TRANSPORTATION, L.L.C.,

      Defendants - Appellees

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-2135

---

Before STEWART, Chief Judge, and JONES and CLEMENT, Circuit Judges.

PER CURIAM:*

Jorge Dominguez, Jr., a Jones Act seaman employed by Crosby Tugs ("Crosby"), was allegedly injured when he was directed to manually move a marine fire extinguisher. Dominguez brought a personal injury suit against Crosby.[1] After a series of mishaps during discovery, Crosby moved for involuntary dismissal of Dominguez's suit under Federal Rules of Civil

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Crosby Tugs was owned by Crosby Transportation; Dominguez sued both Crosby entities. For ease of reference, we refer to them together throughout as Crosby.

No. 16-31239

Procedure 37 and 41. The district court granted the motion and dismissed the case with prejudice. Dominguez appeals. We REVERSE and REMAND to the district court for further proceedings.

I

Dominguez was allegedly injured in 2014 while employed by Crosby as a Jones Act seaman. As the Jones Act employer, Crosby owed Dominguez the duty of "cure," i.e. to provide him medical treatment in connection with his injury, regardless of fault. *See Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 380 (5th Cir. 2012) ("Cure is the shipowner's obligation to pay necessary medical services for seamen injured while in its service. It . . . ha[s] been recognized for centuries."). Crosby's duty of cure extended to all medical treatment necessary to bring Dominguez to "maximum medical cure," or the point at which "it appears probable that further treatment will result in no betterment of the seaman's condition." *Johnson v. Marlin Drilling Co.*, 893 F.2d 77, 79 (5th Cir. 1990). In fulfillment of this duty, Crosby authorized medical treatment by an orthopedic surgeon days after the alleged incident. Dominguez underwent surgery for his injuries. After more than a year of treatment, the surgeon declared Dominguez at the point of maximum medical cure and released him to return to work as a deckhand in 2015. Dominguez did not return to work for Crosby.

Meanwhile, Dominguez's personal injury suit continued apace. Crosby sent Dominguez a number of discovery requests; Dominguez failed to respond. Crosby ultimately filed four separate motions to compel discovery. On all four occasions Dominguez ultimately gave Crosby the information it sought, either while the motions to compel were still pending or once they had been granted.

In 2016, about one year after he had been declared fit for work, Dominguez's attorney referred him to Dr. Rand Voohries for a second opinion. Dr. Voohries provided a report opining that Dominguez was not at maximum

No. 16-31239

medical cure and requesting several medical tests. Crosby denied the requests, and sought an independent medical examination ("IME") to rebut Dr. Voohries' opinion. Dominguez voluntarily agreed to the IME; the district court did not formally order one. An IME was scheduled, but Dominguez failed to appear, allegedly because of car trouble. The IME was rescheduled, but Dominguez was in a serious car accident and so was unable to attend the second appointment. The district court granted a continuance based on that accident, but expressly noted that any further continuances would result in administrative closure of the case. In addition, the district court now formally ordered an IME. Dominguez again failed to appear for the appointment, this time because he had been incarcerated days prior and was in Terrebone Parish prison at the appointed time.

After the third failed IME appointment, Crosby moved for involuntary dismissal of Dominguez's suit or, in the alternative, to strike Dr. Voohries' report and opinion and to exclude his testimony at trial. Crosby argued that Dominguez's failure to respond to its discovery requests and his repeated failure to appear at the IME warranted dismissal under Rules 37 and 41. The district court granted the motion and dismissed Dominguez's suit with prejudice.

II

Federal Rule of Civil Procedure 37 covers, *inter alia*, situations in which a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). In such instances, the Rule contemplates myriad sanctions a district court may impose at its discretion, including "dismissing the action or proceeding in whole or in part." *Id.* Rule 41 covers a much broader set of circumstances, providing generally that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

No. 16-31239

We review a district court's dismissal of a claim with prejudice for abuse of discretion. *See Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985). But we have repeatedly noted that "dismissal with prejudice 'is an extreme sanction that deprives the petitioner of the opportunity to pursue his claim.'" *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)). Accordingly, we have "limited district courts' discretion to dismiss claims with prejudice." *Id.* "A district court's 'dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice.'" *Id.* (quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)).

## III

The district court was persuaded that Dominguez's failure to respond to Crosby's discovery requests absent motions to compel and failure to appear at the three IME appointments constituted "a clear record of delay or contumacious conduct" such that dismissal was appropriate. *See id.* We cannot agree.

We address first the discovery requests. Crosby sent four sets of discovery requests to Dominguez. When he failed to cooperate voluntarily, Crosby was forced to file four separate motions to compel discovery. Dominguez did ultimately respond to each request, however, either while the respective motions to compel were pending or had been granted. Thus, there is no evidence in the record that Dominguez substantively violated any court order pertaining to the four discovery requests in question. As noted above, Rules 37 and 41 both contemplate sanctions when a party "fails to obey" or "to comply with" a court order. The district court itself acknowledged that Dominguez "ultimately complied with" the discovery requests. As such, Dominguez's initial

failure to voluntarily comply with Crosby's discovery requests was not sound grounds for dismissal.[2]

We turn now to Dominguez's failure to appear at the three IME appointments. As with the discovery requests, the first two appointments were pursuant to a voluntary agreement between Dominguez and Crosby. As such, Dominguez's non-appearance to the first two appointments cannot be construed as failure to comply with a court order.[3] The third IME appointment, by contrast, was pursuant to a court order, and so Dominguez's failure to appear did constitute noncompliance as contemplated by Rules 37 and 41. But Dominguez's failure to appear at the third appointment was not because of willfulness or bad faith on his part. He was incarcerated at the time, and so was obviously not at liberty to attend the IME. In short, we do not believe Dominguez's failure to comply with the district court's order pertaining to the third IME appointment can be considered "contumacious conduct."

Furthermore, even if Dominguez's conduct throughout discovery could be considered sufficient to support sanctions under Rules 37 and 41, the analysis does not end there. We have recently reiterated that dismissal with prejudice is only appropriate "where (1) there is a clear record of delay or contumacious conduct by the plaintiff, *and* (2) the . . . record shows that the district court employed lesser sanctions that proved to be futile." *Mastronardi v. Wells Fargo Bank*, 653 F. App'x 356, 358 (5th Cir. 2016) (per curiam) (emphasis added). Thus, a district court may only bring out the heavy artillery

---

[2] We do not suggest that Rules 37 or 41 can *never* apply when a party does not violate a direct court order. There may well be circumstances in which a party's record of delay is so outrageous as to warrant dismissal even where such delay did not directly violate an express court order. This is not such a case.

[3] We note also that Dominguez missed the second appointment due to a serious car accident—an accident the district court found warranted a continuance of proceedings. Thus, even granting that his failure to voluntarily appear at the IME can be considered under Rules 37 and 41, his nonappearance at the second appointment cannot be fairly held against him.

of dismissal with prejudice when lesser weapons at its disposal have failed to achieve the desired end.

Here Crosby offered the district court one such lesser remedy: its motion was "for involuntary dismissal, or, in the alternative, to strike the report and opinion of the plaintiff's medical expert, Dr. Voohries, and to strike his testimony at trial." If the district court concluded, as it evidently did, that Dominguez's failure to attend the IME was sanctionable conduct, striking Dr. Voohries' report and opinion would have been a logical lesser remedy. Without Dr. Voohries' opinion that Dominguez was not at maximum medical cure, there would have been no reason for the IME in the first instance. Crosby would consequently be insulated from liability for any alleged damages that might have accrued after Dominguez was initially declared fit to return to work.

Thus, excluding Dr. Voohries from the proceedings would have eliminated the immediate cause of delay and any prejudice to Crosby without dismissing Dominguez's underlying personal injury claims in their entirety. The district court's order contains no indication that it considered this option, and Crosby offers no argument on appeal as to why granting its own stated alternative remedy would not have been satisfactory. Thus, even granting *arguendo* that Dominguez's conduct during discovery was sufficient to support sanctions under Rules 37 and/or 41, the district court abused its discretion by leaping straightaway to the "extreme" remedy of involuntary dismissal with prejudice. *See Rogers v. Kroger Co.*, 669 F.2d 317, 321–22 (5th Cir. 1982) (reversing district court's dismissal of plaintiff's claim where there was "nothing in the district court's order and opinions or the record indicating that

No. 16-31239

less severe sanctions were considered and found to be futile or contrary to the interests of justice").

## IV

We REVERSE the dismissal of Dominguez's case and REMAND to the district court to strike the report, opinion, and testimony of Dr. Voohries, and to proceed accordingly.