# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40822
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2018

Lyle W. Cayce
Clerk

MARCUS FRANK KELLER,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CV-180

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Marcus Frank Keller, Texas prisoner # 1473240, pleaded guilty in state court to aggravated robbery. The trial court deferred adjudication of guilt and placed Keller on community supervision. However, on the State's motion, the trial court subsequently revoked Keller's community supervision, found him guilty of aggravated robbery, and sentenced him to 77 years of confinement.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40822

Keller attacked the state court's adjudication in a 28 U.S.C. § 2254 petition, which the district court dismissed, without prejudice, for want of prosecution under Federal Rule of Civil Procedure 41(b).  This court granted a certificate of appealability (COA) on the issue whether the § 2254 petition was properly dismissed.

As an initial matter, Keller's pro se appellate brief focuses on several claims for habeas relief and fails to address the district court's procedural dismissal of his petition or the issue on which COA was granted.  We could therefore, consider the relevant issue abandoned because it is not briefed.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  However, "[t]he issues-not-briefed-are-waived rule is a prudential construct that requires the exercise of discretion." *United States v. Miranda*, 248 F.3d 434, 443 (5th Cir. 2001).  Here, in his objections to the magistrate judge's report, as well as in his COA brief to this court, Keller questioned the dismissal of his § 2254 petition for failure to prosecute.  Furthermore, as discussed below, given that the district court's dismissal effectively operates as a dismissal with prejudice, it is clear from the record that the district court erred in dismissing Keller's § 2254 petition.  In view of the foregoing, we exercise our discretion to consider the propriety of the district court's dismissal.  *See id.* at 443-44.

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any order.  FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  We review a district court's sua sponte dismissal under Rule 41(b) for an abuse of discretion.  *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014).  A heightened standard of review applies, however, where a district court's dismissal is with prejudice or if it is without prejudice and "the applicable statute of limitations probably bars further litigation." *Gray v. Fidelity Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981);

2

No. 16-40822

*see also Coleman*, 745 F.3d at 766. "We review such dismissals as we would dismissals with prejudice." *Coleman*, 745 F.3d at 766. Here, because Keller's § 2254 petition was pending in the district court for over two years prior to its dismissal, further habeas litigation would probably be barred by the applicable one-year limitations period imposed by 28 U.S.C. § 2244(d).

A Rule 41(b) dismissal of an action with prejudice is a severe sanction, to be used only when the conduct in question "has threatened the integrity of the judicial process." *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982). Such a dismissal is improper unless the case history evidences both "(1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988).

While the district court determined that Keller's failure to inform it of his transfer to the Montford Unit warranted dismissal, the record does not reflect that Keller had a history of purposeful delay or contumacious conduct. *See id.* The record also does not reflect that the district court considered a lesser sanction. *See id.*

Accordingly, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings. We express no opinion on the merits of Keller's underlying habeas petition. Keller's motions for a new trial and to arrest the judgment are DENIED.