# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2008

Charles R. Fulbruge III
Clerk

No. 08-30114

STANLEY A. MILLAN

Plaintiff-Appellant

v.

USAA GENERAL INDEMNITY COMPANY, also known as USAA GIC

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before JOLLY, BARKSDALE, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Stanley Millan appeals the district court's order dismissing his claims for failing to effect timely service on the proper defendant under FED. R. CIV. P. 4(m). Although the district court's dismissal was without prejudice, both parties agree that the running of the applicable statute of limitations likely bars Millan from refiling his claims. Because the record does not support dismissal of Millan's claims under the heightened standard of review applicable to effective dismissals with prejudice, we reverse and remand as described below.

## I. FACTS

In August 2005, Millan obtained a Standard Flood Insurance Policy for his residence issued by USAA General Indemnity Corporation (USAA GIC) under the National Flood Insurance Program. Hurricane Katrina damaged Millan's residence later that month. Millan attempted to resolve his claim with USAA,[1] a company division of USAA GIC but not the issuer of Millan's flood policy, but USAA denied Millan's proof of flood loss. Millan appealed USAA's denial to FEMA, which granted Millan's request in part, recommending that "USAA" review Millan's flood claim and use rates from Home Building Association of New Orleans to calculate his loss. At some point, Millan received a check from USAA, but he contended it was inadequate and returned it. Nothing suggests that USAA or USAA GIC took any other action with respect to Millan.

On May 18, 2007, Millan, a practicing attorney, filed a pro se suit against USAA alleging breach of contract and a number of other claims. On August 24, 2007, Millan attempted to serve USAA via CT Corporation, but the service was returned unexecuted because, under Louisiana law, the Louisiana Secretary of State serves as the agent for service of process for foreign insurers. LA. REV. STAT. ANN. § 22:1253. Millan alleges that information on the Secretary of State's website led him to believe that CT Corporation served as USAA's agent for service of process.[2]

---

[1] It appears to be disputed exactly which entity Millan dealt with in the pre-suit negotiations. Appellee suggests it was USAA GIC, and the district court's opinion used the name "USAA GIC." Millan, however, argues that he dealt with USAA and that USAA's involvement in the pre-suit negotiations is one of the reasons he initially sued the wrong entity. No evidentiary hearing was conducted, and the district court did not purport to make findings of fact on these issues. The district court's opinion cites some facts not supported by the evidence in the record. For example, it states that USAA GIC sent a check to Millan, whereas Millan filed a copy of the check stub and check showing the payor as "United States Automobile Association [USAA]." We use the version of the facts supported by uncontradicted evidence.

[2] While service under state law is one method of service under the Federal Rules of Civil Procedure, it is not the only one. No one addressed, so we do not, whether service upon CT Corporation was proper under Fed. R. Civ. P. 4(h)(1)(B), allowing service upon "any other agent authorized by appointment or by law." (emphasis added).

On September 6, 2007, the district court issued an order that Millan interpreted to extend the time for filing service until October 9, 2007. The order reads in full:

> A review of the record indicates that no service of the complaint has been made upon the defendant(s).
>
> Rule 4(m) of the Federal Rules of Civil Procedure provides:
> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the Court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the Court shall extend the time for service for an appropriate period.[3]
>
> Accordingly;
>
> IT IS ORDERED that on or before October 9, 2007, plaintiff shall file into the record the return of service of process that has been effected on the defendant(s). Failure to do so will result, without further notice, in the DISMISSAL of any unserved defendants.

Thereafter, Millan attempted service on USAA through the Louisiana Secretary of State, but the service was returned unexecuted because Millan failed to pay the proper fee. Millan corrected this error on September 21, 2007, timely serving USAA under his interpretation of the district court's September 6, 2007 order, but four days after the 120-day deadline for service under Rule 4(m). It is undisputed that Millan filed the return of service by the order's October 9 deadline.

USAA GIC entered the case and sought dismissal of Millan's claims on a number of grounds, including failure to effectuate service by the Rule 4(m) deadline of September 17, 2007. Millan opposed the motion, arguing that the

---

[3] The language of Rule 4 was amended as part of the general restyling of the Civil Rules effective December 1, 2007. The changes to Rule 4(m) have no bearing on the issues in this appeal.

district court's September 6, 2007 order extended the service deadline to October 9, 2007, and, alternatively, that the ambiguous nature of the order created "good cause" for a four-day extension. On November 6, 2007, USAA GIC served a reply brief, arguing for the first time that Millan sued and failed to timely serve the correct USAA entity, namely USAA GIC. In an attempt to cure this defect, Millan filed, on November 16, 2007, an amended complaint naming the proper defendant, USAA GIC.

On November 20, 2007, the district court entered an order dismissing Millan's complaint without prejudice on the ground that Millan had not shown "good cause" for failing to timely effect service. In response to Millan's argument that his amended complaint naming USAA GIC should relate back to his original complaint, the district court found that Millan had not filed an amended complaint.[4]

Within the requisite ten-day period, Millan filed a motion to amend or alter the district court's judgment under FED. R. CIV. P. 59(e), arguing that significant confusion as to the proper identity of the defendant led him to erroneously sue USAA instead of USAA GIC. The district court denied Millan's motion, holding that regardless of Millan's recent remedial action in filing an amended complaint naming USAA GIC, Millan's failure to sue and serve the proper party for six months warranted dismissal of his complaint. Millan's claims are before this Court.

## II. DISCUSSION

USAA GIC's motion to dismiss initially rested on one defect – the failure to serve any defendant within the 120 days prescribed by Rule 4(m). In its reply, it raised a separate defect – when Millan did serve someone, he served an improper defendant, USAA. Thus, USAA GIC argues to this Court, Millan both

---

[4] The district clerk's delay in entering the amended complaint into the record caused the district court's misapprehension that Millan had not filed an amended complaint.

failed to effectuate timely service and failed to sue the proper defendant. We address each issue in turn.

On the question of whether service on USAA was timely, Millan argues that the district court's September 6, 2007 order established "good cause" under Rule 4(m) mandating a four-day extension for service because the order either extended the deadline for service until October 9, 2007, or, alternatively, the order can be read reasonably to grant such an extension.

A. Service as to USAA

Rule 4(m) permits a district court to dismiss a case without prejudice if the plaintiff fails to serve the defendant within 120 days of filing the complaint. Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). If, however, the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service. Id. Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service. Id. A discretionary extension may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." FED. R. CIV. P. 4(m) advisory committee's note (1993).

Assuming arguendo that Millan cannot show good cause, we find that the district court erred in refusing to grant Millan additional time for service under the discretionary provisions of Rule 4(m). Millan argues, and USAA GIC agrees, that where the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice.[5] See Boazman v. Econ. Lab., Inc., 537 F.2d 210, 213 (5th Cir. 1976) ("where the dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation, the standard of review of the District Court's dismissal

---

[5] The parties agree that the limitations period of 42 U.S.C. § 4072 would likely bar Millan from refiling his claims.

should be the same as is used when reviewing a dismissal with prejudice."). We have recognized that dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 247 (5th Cir. 1980). Consequently, this Court has limited district courts' discretion to dismiss claims with prejudice. See Price v. McGlathery, 792 F.2d 472, 474 (5th Cir. 1986). A district court's "dismissal with prejudice is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff' exists and a 'lesser sanction would not better serve the interests of justice.'" Gray v. Fid. Acceptance Corp., 634 F.2d 226, 227 (5th Cir. 1981) (quoting Durham v. Fla. East Coast Railway Co., 385 F.2d 366, 368 (5th Cir. 1967), and Brown v. Thompson, 430 F.2d 1214, 1216 (5th Cir. 1970)). Additionally, where this Court has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." McGlathery, 792 F.2d at 474.

Millan and USAA GIC agree that dismissal of Millan's claims will likely have the effect of dismissal with prejudice and thus should be reviewed under this heightened standard. Although the heightened standard of review is generally applied to dismissals for failure to prosecute after the defendant has been served, we have also used it to review dismissals for failure to prosecute where the underlying basis was untimely or insufficient service. Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 416-18 (5th Cir. 2006); Porter v. Beaumont Enters. & Journal, 743 F.2d 269, 271-72 (5th Cir. 1984); Veazey v. Young's Yacht Sale & Serv., Inc., 644 F.2d 475, 476-77 (5th Cir. 1981).[6] We fail

---

[6] Our Court recently issued an unpublished (and, therefore, not binding) opinion seeming to apply a more stringent analysis of the plaintiff's conduct than this standard of review suggests to a Rule 4(m) dismissal. Newby v. Enron Corp., No. 06-20658, 2008 U.S. App. LEXIS 14041, at *12-*13 (5th Cir. July 2, 2008) (unpublished). However, that case involved particularly egregious facts where the plaintiff, unlike this one, never attempted service within

to see any principled reason why a district court's dismissal of claims due to a delay between filing and service should be subjected to a lower standard of review merely because the district court characterizes the delay as a failure to timely or properly serve the defendant, as opposed to a failure to prosecute. Indeed, the heightened standard of review is to be applied to the "equivalent" of a Rule 41(b) dismissal. Berry v.CIGNA/RSI-CIGNA, 975 F.2d 1188, 1190 (5th Cir. 1992). Accordingly, we apply that standard to review the district court's dismissal of Millan's claims under Rule 4(m).

## 1. Clear record of delay or contumacious conduct

This Court has recognized that "delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by 'significant periods of total inactivity.'" McNeal v. Papasan, 842 F.2d 787, 791 (5th Cir. 1988) (quoting John v. Louisiana, 828 F.2d 1129, 1131 (5th Cir. 1987)). Our precedents have generally reserved dismissals with prejudice for "egregious and sometimes outrageous delays." Rogers v. Kroger Co., 669 F.2d 317, 321 (5th Cir. 1982). "In short, these are cases where the plaintiff's conduct has threatened the integrity of the judicial process, often to the prejudice of the defense, leaving the court no choice but to deny that plaintiff its benefits." Id.

We do not perceive a clear record of delay in this case. Millan served USAA four days after the Rule 4(m) deadline for service, after making two attempts at service within the 120 days.

Likewise, the record does not establish that Millan's delays in effecting service resulted from contumacious conduct. We have recognized that "it is not a party's negligence–regardless of how careless, inconsiderate, or understandably exasperating–that makes conduct contumacious; instead it is

---

the 120 days and failed to attempt service for more than 1,000 days. Id. at *11. Even if Newby were binding, it is inapposite here.

7

the 'stubborn resistance to authority' which justifies a dismissal with prejudice." McNeal, 842 F.2d at 792 (quoting John, 828 F.2d at 1131-32); see also Gray, 634 F.2d at 227-28 (finding delay caused by plaintiff's negligent, but not contumacious conduct, insufficient to warrant dismissal with prejudice). Millan's conduct, while certainly negligent, cannot be characterized as contumacious. Indeed, Millan complied with the district court's order by filing the return of service upon USAA into the record by October 9, 2007. The court then issued an order in the case to "pass for 30 days; obtain answer or default," suggesting that the court believed Millan had complied with its order. This conduct is far short of "contumacious."

2. Aggravating Factors

Further, the record in this case does not contain any of the three aggravating factors listed above. First, arguably the delay in this case resulted from Millan's actions in his capacity as a lawyer, rather than in his capacity as a litigant. Second, the only potential prejudice identified by USAA GIC is that of having to defend the case on its merits and the possibility of someone having to pay damages to Millan. That is not the sort of prejudice that requires dismissal. Finally, as mentioned, the delay in this case resulted from Millan's negligence; no evidence shows intentional misconduct.

B. Service as to USAA GIC

USAA GIC, of course, was not "served" in the sense of receiving a summons with its name on it until more than a month after even the October 9 date in the district court's order and approximately two months after the Rule 4(m) deadline. USAA GIC's original motion to dismiss made no mention of the alleged misnomer; instead, it treated the service as if it were service on USAA GIC and attacked only the delay in initial service. It also made a number of

substantive arguments about the merits of the case, not pertinent here. It was only in USAA GIC's reply brief, served November 6, 2007, that USAA GIC stated that the wrong entity had been served. Shortly after that document was filed, on November 16, 2007, Millan filed an amended complaint naming the proper defendant, USAA GIC. While we have recognized that delays occurring between filing and service are more serious than those occurring following service, Porter, 743 F.2d at 272, here, USAA GIC received notice of Millan's claims just days after the Rule 4(m) deadline when Millan served USAA. This fact is evidenced by USAA GIC's appearance on behalf of USAA shortly after Millan served USAA. These facts do not establish a clear record of delay and, indeed, suggest the opposite. See Callip v. Harris County Child Welfare Dep't, 757 F.2d 1513, 1519-21 (5th Cir. 1985) (clear record of delay where plaintiff missed nine deadlines over two and one-half years); Morris v. Ocean Sys., Inc., 730 F.2d 248, 252 (5th Cir. 1984) (holding that court "exceeded its well-defined discretion" in dismissing for failure to prosecute when only eight months elapsed from date of the first status conference to the date of its dismissal).

The district court's original order reflected an incorrect belief that no amended complaint naming the proper defendant had been filed. Upon motion for reconsideration, the court noted the filing of the amended complaint but concluded that Millan did not show "good cause." The district court did not consider the factors outlined above. Nor did it analyze any of the issues raised by USAA GIC's failure to raise this issue sooner. It did not analyze the substantial evidence filed by Millan suggesting that USAA GIC caused the confusion as to the proper party by repeatedly sending materials under the USAA name. Indeed, USAA GIC's original motion to dismiss actually stated that it was served and then focused on the four-day delay discussed above. Because the district court had already determined that the original service of process was untimely served, it did not fully consider the issues presented by the

9

amended complaint.  We decline to address these issues for the first time on appeal.  Instead, we remand for consideration of all factors under FED. R. CIV. P 15(c) in view of our holding that the original service delay on USAA did not justify dismissal and in view of the authorities cited above.

## III.  CONCLUSION

Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion.