**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2009

Charles R. Fulbruge III
Clerk

No. 09-20057
Summary Calendar

GARY MOSHER,

Plaintiff-Appellant,

versus

CINDY KEANSTER; DOUGLAS JONES; JUAN GUTIERREZ-GARRALDA;
JOHN DOES,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:08-CV-2105

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gary Mosher appeals the dismissal of his complaint for want of prosecution, which was based on failure to appear for an initial scheduling conference. We vacate and remand.

We review a *sua sponte* dismissal for want of prosecution, which is authorized by Rule 41 of the Federal Rules of Civil Procedure, for abuse of discretion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*See McNeal v. Papasan*, 842 F.2d 787, 789-90 (5th Cir. 1988). Because the judgment of dismissal did not specify whether it was with or without prejudice, it is presumed to be with prejudice. *See Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm.*, 283 F.3d 650, 656 n.26 (5th Cir. 2002). A dismissal with prejudice is an extreme sanction that deprives a plaintiff of the opportunity to pursue his claim. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). Thus, we have "consistently refused to permit a court to impose that sanction unless the history of a particular case discloses both (1) a clear record of delay or contumacious conduct by the plaintiff and (2) that a lesser sanction would not better serve the best interests of justice." *Id.*

There is no clear record of delay or contumacious conduct by the plaintiff. Although he did not appear for the scheduling conference, he wrote to the court explaining his difficulty in traveling to Houston and requested that the conference be held by telephone or electronic means. That was not an unreasonable request, given the distance from his home in New Jersey and his assertions, albeit unsupported by evidence, that he suffers a disability that prevents him from traveling. Although he could have been more diligent in pursuing alternative arrangements as the conference date approached, there is no evidence that his failure to do so was intended to delay or arose out of contumaciousness rather than simple negligence. *See Millan*, 546 F.3d at 327. In addition, the district court did not attempt any lesser available sanction. *See Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982).

We do not suggest that the failure to comply with court orders cannot be the basis for a dismissal with prejudice; we only conclude that the record in this case does not warrant such a result. *See Berry v.* CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191-92 & n.6 (5th Cir. 1992).

The judgment is VACATED and REMANDED. We express no view on the merits of the case or on what rulings the district court should issue on remand.