**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2009

Charles R. Fulbruge III
Clerk

No. 09-30049
Summary Calendar

LINDA F WRIGHT,

Plaintiff–Appellant,

v.

JOHN E POTTER, Postmaster General, United States Postal Service, Southwest Area,

Defendant–Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-758

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Linda F. Wright requests permission to appeal *in forma pauperis* (IFP) from the district court's denial of a FED. R. CIV. P. 59 motion challenging the dismissal of her employment discrimination lawsuit for failure to perfect service. The district court denied Wright leave to appeal IFP, but it did not certify that the appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a); 28 U.S.C. § 1915(a)(3). We may

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nevertheless dismiss the appeal sua sponte pursuant to 5th Cir. R. 42.2 if it is apparent that the appeal lacks merit. *Baugh*, 117 F.3d at 202 n.24.

Our review of a dismissal for insufficient service of process is for abuse of discretion. *Lindsey v. United States R. R. Retirement Bd.*, 101 F.3d 444, 445 (5th Cir. 1996). If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the district court, upon motion or on its own initiative after notice to the plaintiff, must dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time. FED. R. CIV. P. 4(m). The court "must extend the time for service for an appropriate period" if the plaintiff shows good cause for the failure. *Id.* In this case, the district court implicitly determined that Wright's conclusional assertions that she had perfected service and that the defendant had submitted false information to the court did not establish "good cause" under Rule 4(m). Even without a showing of good cause, we have held that a plaintiff should be allowed additional time to perfect service under Rule 4(m) where the claims would be otherwise time-barred and there is no clear record of delay or evidence of contumacious conduct. *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325-27 (5th Cir. 2008).

In this case, Wright has essentially abandoned her appeal by failing to challenge the basis for the district court's dismissal of the complaint. *See Matchett v. Dretke*, 380 F.3d 844, 848 (5th Cir. 2004). Because it appears that Wright's claims are now time-barred, we have nevertheless examined her substantive arguments. *See Millan*, 546 F.3d 321. As we conclude that the appeal lacks merit, the motion for leave to proceed IFP is denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.