## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2012

No. 11-31060
Summary Calendar

Lyle W. Cayce
Clerk

RENODE COLLINS,

Plaintiff-Appellant

v.

JAMES M. LEBLANC, in his individual and official capacities as Secretary of
Corrections; N. BURL CAIN, in his individual and official capacities as Warden;
RICHARD PEABODY, in his individual and official capacities as Deputy
Warden; CINDY VANNOY, in her individual and official capacities as
Lieutenant; DARREL VANNOY, in his individual and official capacities as
Deputy Warden; TRISH FOSTER, in her individual and official capacities as
Director of Legal Programs; LINDI RAMSAY, in her individual and official
capacities,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-173

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Renode Collins, Louisiana prisoner # 313898, seeks leave to proceed in

forma pauperis (IFP) on appeal. By moving for IFP, Collins is challenging the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court's certification that IFP status should not be granted on appeal because his appeal from the dismissal of his 42 U.S.C. § 1983 suit is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Collins argues that the district court abused its discretion in dismissing his suit for failure to prosecute, based on his failure to pay the initial partial filing fee. *See* FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Although the district court's order indicates that the dismissal was without prejudice, any attempt by Collins to refile his suit would be barred by the applicable limitations period, and the dismissal should be considered as a dismissal with prejudice. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); LA. CIV. CODE ANN. arts. 3463, 3492. As a result, the district court's discretion to dismiss the case is limited. *See Berry*, 975 F.2d at 1191. "A district court's dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (quotation marks and citation omitted).

There is not a clear record of purposeful delay or contumaciousness on the part of Collins in this case. The magistrate judge ordered Collins to show cause why he had failed to pay the initial partial filing fee and notified him that if he failed to comply his suit could be dismissed. In response, Collins asserted that he had sent a letter to Inmate Banking asking for payment. Despite this, the magistrate judge recommended dismissal because Collins had failed to allege that he had submitted a draw slip to authorize the withdrawal of funds from his prison account. In his objections to the magistrate judge's report, Collins maintained that he had assumed the magistrate judge would realize that he had submitted a draw slip with his letter to Inmate Banking and asserted under penalty of perjury that he had done so. Thus, Collins did reply to the show cause order and indicated that he had sought payment of the initial filing fee, and his

objections reflected his attempts to clarify any confusion about the steps he had taken to authorize the payment.

Accordingly, the district court's dismissal of Collins's suit constituted an abuse of discretion. *See McCullough*, 835 F.2d at 1127. Collins's motion for leave to proceed IFP on appeal is GRANTED. Because further briefing is not required, the district court's judgment is VACATED and the case is REMANDED for further proceedings.