# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40570
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2015

NELSON ROMERO,

Lyle W. Cayce
Clerk

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:13-CV-98

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Nelson Romero, Texas prisoner # 1127658, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition under FED. R. CIV. P. 41(b) for failure to prosecute and to comply with a court order. Romero urges that dismissal was error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40570

A district court may sua sponte dismiss an action for failure to prosecute or obey a court order. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The district court stated that dismissal was without prejudice, but, because the § 2254 petition would have been time-barred at the time of dismissal, it was effectively with prejudice. *See Gray v. Fidelity Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981); s*ee also* 28 U.S.C. § 2244(d). Therefore, although review is for an abuse of discretion, a heightened standard applies. *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014). This court will affirm "only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (internal quotation marks and citations omitted); s*ee Coleman*, 745 F.3d at 766 & n.8.

The district court's dismissal was based on Romero's failure to comply with its Order for an Answer, requiring him to respond to any dispositive motion within 30 days. Romero asserts that during that period he filed a motion for extension of time that was lost in the mail. But even if he did not, his failure to comply with a single court order, particularly in light of his almost immediate attempt to rectify his failure through the filing of a motion for reconsideration, did not amount to a clear record of delay or contumacious conduct warranting a dismissal with prejudice. *See Millan*, 546 F.3d at 326-27; *see also McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988). Moreover, there is no discussion in the record of other, lesser sanctions. *See Millan*, 546 F.3d at 326.

Accordingly, under the circumstances described, the dismissal of Romero's § 2254 petition was an abuse of discretion. The judgment is

2

No. 14-40570

VACATED, and the case is REMANDED for further proceedings.  We express no opinion on the merits of his underlying habeas petition.