# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30994
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2017

Lyle W. Cayce
Clerk

EDDIE LEE JACKSON,

Petitioner-Appellant

v.

SANDY MCCAIN, WARDEN, RAYMOND LABORDE CORRECTIONAL CENTER,

Respondent-Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CV-72

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Eddie Lee Jackson, Louisiana prisoner # 348513, was convicted by a jury of second-degree kidnapping and simple arson. He contested his convictions in a 28 U.S.C. § 2254 application, which was dismissed with prejudice for want of prosecution under Federal Rule of Civil

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30994

Procedure 41(b).  Jackson asserts that the district court wrongly dismissed his application based on his failure to produce particular state court records.

A district court may dismiss an action sua sponte for failure to prosecute or obey a court order.  FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  We review a district court's sua sponte dismissal under Rule 41(b) for an abuse of discretion.  *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014).  When, as here, the dismissal was with prejudice, we apply a heightened standard of review and will affirm the dismissal only if there is a clear record of delay or contumacious conduct, and the interests of justice would not be better served by a lesser sanction.  *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008); *Coleman*, 745 F.3d at 766 & n.8.

The district court determined that Jackson's failure to amend his application warranted its dismissal with prejudice, but the record does not reflect that he had a history of purposeful delay or contumacious conduct.  *See Millan*, 546 F.3d at 326.  There is no indication that Jackson had a copy of the records that he could file readily or that his failure to amend his application was not the result of negligence.  *See Millan*, 546 F.3d at 327.  Aside from his failure to produce the records, there is no indication that he repeatedly failed to comply with the district court's orders or had a record of delay or resistance to authority that warranted a dismissal with prejudice; rather, he failed to comply with a single order before his § 2254 application was dismissed.  *See Berry v. Cigna/RSI-CIGNA*, 975 F.2d 1188, 1192 n.6 (5th Cir. 1992).  The amount of time that elapsed between the missed deadline to produce the documents and the district court's conclusion that dismissal was merited was not significant, especially in the absence of any indication that Jackson's conduct compromised the integrity of the judicial process or was the result of willful disobedience.  *See McNeal v. Papasan*, 842 F.2d 787, 790-91 (5th Cir.

2

No. 15-30994

1988).  Neither did the district court discuss the possibility of other, lesser sanctions.  *See Millan*, 546 F.3d at 326.

Under these circumstances, the dismissal of Jackson's § 2254 application was an abuse of discretion.  The judgment is therefore VACATED, and the case is REMANDED for further proceedings.  We express no opinion on the merits of Jackson's underlying habeas application.