# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10130
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2017

Lyle W. Cayce
Clerk

MARY CHERRY,

      Plaintiff - Appellant

v.

KROGER TEXAS, L.P.,

      Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CV-972

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

      Plaintiff–Appellant Mary Cherry appeals the district court's sua sponte dismissal of her complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with two court orders. Because the district court abused its discretion in dismissing this suit, we VACATE and REMAND for further proceedings.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10130

A district court may dismiss an action sua sponte for failure to prosecute or to obey a court order. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam). We generally review a district court's sua sponte dismissal under Rule 41(b) for an abuse of discretion. *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (per curiam). But when, as here, the dismissal was with prejudice,[1] we apply a heightened standard of review because "[d]ismissal with prejudice . . . is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980). We will affirm a dismissal with prejudice only if (1) there is a clear record of delay or contumacious conduct by the plaintiff, *and* (2) the interests of justice would not be better served by a lesser sanction. *Coleman*, 745 F.3d at 766. Affirmance also usually requires the existence of "at least one of three aggravating factors": (1) delay caused by the plaintiff (not counsel), (2) "delay caused by intentional conduct," or (3) "actual prejudice to the defendant." *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Here, the district court's sua sponte dismissal of the complaint was based on Cherry's failure to comply with two court orders. First, after the case was removed on October 20, 2016, the district court issued a November 22 order instructing Cherry, who was and remains represented by counsel, to file an amended complaint that complied with the Federal Rules of Civil Procedure (as well as all applicable local rules) by December 7. Second, after Cherry failed to meet this deadline, the district court issued another order on December 9 instructing Cherry to file a written response by December 13 showing cause for her failure to comply with the first order. Cherry also failed

---

[1] The district court's order did not specify whether the dismissal was with prejudice, but we treat such dismissals as a dismissal with prejudice. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 874 n.6 (5th Cir. 2004) (per curiam).

2

to comply with this second order.  Both of the district court's orders warned that failure to comply with the order "may result in the imposition of sanctions up to, and including, dismissal."  On December 14, the district court entered an order dismissing Cherry's complaint, after concluding that "no lesser sanction . . . is warranted."

On January 5, 2017, Cherry moved for reconsideration and for a new trial, attaching to her motion an affidavit from her counsel.  The affidavit explained that Cherry's failure to comply with the district court's two orders was due to the fact that, after removal, "notifications from the [district] [c]ourt were not properly routed as needed for filings to be downloaded and for deadlines to be properly docketed" and, as a result, counsel did not see the orders until the complaint had already been dismissed.  Cherry's counsel further stated that his error "was not intentional or willful" nor was it "motivated by bad faith or a desire to delay the case or a desire to harm, prejudice or surprise Defendant"; he harbored "no desire or intent to disregard the Court's orders."  Finally, he stated that Cherry was unaware of the district court's orders and no error was attributable to her.

That same day, the district court denied Cherry's motion for reconsideration.  The district court concluded that Cherry had failed to offer any "rational explanation . . . for why counsel received notice of the dismissal but was unaware of the prior orders."  The district court posited that Cherry's counsel had indeed received the orders and "he either chose not to read them or chose to ignore them if he did read them or to comply with his client's instructions to do nothing."  And the district court reaffirmed its conclusion that no lesser sanction was appropriate because Cherry "had ignored two orders and there was no reason to believe that she would respond to any others."  Cherry timely appeals.

No. 17-10130

Based on this record, we cannot say that these facts meet the high bar required to affirm a dismissal with prejudice under Rule 41(b) because there is no clear record of delay or contumacious conduct by Cherry. The dismissal with prejudice was based on Cherry's failure to comply with two district court orders, but we have repeatedly emphasized that a plaintiff's failure to comply with "a few court orders" does not meet this standard. *Berry*, 975 F.2d at 1191 n.6 (citing cases). In addition, based on the short period of time—less than two months—between removal of Cherry's complaint and its dismissal, we cannot say Cherry had a clear record of delay. Delay generally only warrants dismissal with prejudice if it is "longer than just a few months" and is "characterized by 'significant periods of total inactivity.'" *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008) (quoting *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988)). In addition, nothing in the record indicates that Cherry's noncompliance was due to anything other than, at worst, mere negligence, a level of culpability that does not warrant dismissal with prejudice. *Coleman*, 745 F.3d at 767; *Millan*, 546 F.3d at 327. To the extent the district court found otherwise, this was clear error. This conclusion is bolstered by the fact that Cherry's counsel's affidavit indicated that he took full responsibility for the error and evinced an intent to comply with all future court orders. Finally, we note that none of the aggravating factors that we generally require for affirmance of dismissal with prejudice under Rule 41(b) are present here, nor did the district court discuss any of them.

Because the record is devoid of any clear record of delay or contumacious conduct by Cherry, the district court abused its discretion in dismissing Cherry's complaint with prejudice. We VACATE the judgment of the district court and REMAND the case for further proceedings.

4