# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50943

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2017

Lyle W. Cayce
Clerk

RUTHEN JAMES WEEMS, III,

Plaintiff-Appellant

v.

BRENT STROMAN, Waco Chief of Police; PARNELL MCNAMARA, McLennan County Sheriff; OFFICER 1; OFFICER 2; OFFICER 3; OFFICER 4; SHERIFF'S DEPUTY,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:15-CV-332

Before DAVIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ruthen James Weems, III, Texas prisoner # 144318, has filed a motion for leave to proceed in forma pauperis (IFP) to appeal the district court's judgment dismissing his civil rights complaint. He has also filed a motion for the appointment of appellate counsel. The district court denied Weems's IFP motion and certified that the appeal was not taken in good faith. By moving

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50943

for IFP status, Weems is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Weems does not challenge the district court's dismissal of his claims against Waco Police Chief Brent Stroman and McLennan County Sheriff Parnell McNamara. He also does not challenge the district court's dismissal of his official capacity claims against four unidentified Waco Police Department officers and one unidentified McLennan County sheriff's deputy (collectively "the John Doe defendants"). These issues are therefore abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Instead, Weems contends that the district court abused its discretion in dismissing his individual capacity claims against the John Doe defendants for want of prosecution and denying his motion for reconsideration. Although the district court's dismissal of these claims was without prejudice, a refiled complaint would likely be barred by the statute of limitations. We therefore apply a heightened standard and will affirm the dismissal only where there is a clear record of delay or contumacious conduct, and the interests of justice would not be better served by a lesser sanction. *See Coleman v. Sweetin*, 745 F.3d 756, 766 & n.8 (5th Cir. 2014); *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008).

The record does not reflect purposeful delay or contumacious conduct by Weems. Moreover, plaintiffs should be afforded an opportunity through discovery to identify unknown defendants. *Colle v. Brazos Cnty., Tex.*, 981 F.2d 237, 243 n.20 (5th Cir. 1993). Therefore, the district court abused its discretion in dismissing Weems's individual capacity claims against the John Doe defendants for want of prosecution. *See Coleman*, 745 F.3d at 766-67.

Because Weems is financially eligible to proceed IFP on appeal and has demonstrated that his appeal involves legal points arguable on their merits,

*see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), his motion to proceed IFP is granted, *see Baugh*, 117 F.3d at 202. The district court's judgment dismissing Weems's individual capacity claims against the John Doe defendants is vacated and remanded for further proceedings. The district court's judgment is affirmed with respect to all other issues. Weems's motion for the appointment of appellate counsel is denied as unnecessary.

IFP MOTION GRANTED; APPOINTMENT OF COUNSEL MOTION DENIED; JUDGMENT AFFIRMED IN PART, VACATED AND REMANDED IN PART.