# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40235
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2020

Lyle W. Cayce
Clerk

WILLIAM A. ZELLMAR,

Plaintiff-Appellant

v.

WARDEN, GURNEY UNIT; UNNAMED OTHERS; KEVIN MOORE; UNKNOWN SPERRY, Warden, Gurney Unit; UN-NAMED PERSONS, Step II Medical Grievance Program,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:17-CV-386

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

William Zellmar, Texas prisoner # 02082873, filed the instant 42 U.S.C. § 1983 action alleging violations of his Eighth Amendment rights and the Americans With Disabilities Act at the Gurney Unit of the Texas Department of Criminal Justice. The magistrate judge granted his motion to proceed in forma pauperis (IFP) and ordered Zellmar to pay the initial filing fee. The

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40235

record indicates that another inmate received and signed for this order.  Five months later, the magistrate judge recommended that the district court dismiss the case pursuant to Federal Rule of Civil Procedure 41(b) based on Zellmar's failure to pay the initial filing fee.  Zellmar responded by filing another motion to proceed IFP and a letter indicating that he had not received the order to pay the partial fee.  Without considering Zellmar's alleged failure to receive the initial payment order, the district court entered a final judgment dismissing the case without prejudice for failure to prosecute or to obey a court order pursuant to Rule 41(b).  Following the dismissal, Zellmar appealed and paid the district court filing fee in full.

We ordinarily review a district court's sua sponte dismissal for abuse of discretion.  *McNeal v. Papasan*, 842 F.2d 787, 789-90 (5th Cir. 1988).  However, a heightened standard of review applies where, as in this case, a plaintiff's action likely would be barred by a statute of limitations if it were dismissed without prejudice.  *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008).  In such cases, a dismissal under Rule 41(b) is tantamount to a dismissal with prejudice.  *McNeal*, 842 F.2d at 793 n.1.  A dismissal with prejudice is improper unless the case history evidences both "(1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice."  *Id*. at 790.  A party's negligence does not make conduct contumacious; rather, "it is the stubborn resistance to authority which justifies a dismissal with prejudice."  *Millan*, 546 F.3d at 327 (internal quotation marks and citation omitted).  Failure to comply with a few orders ordinarily will not be sufficient to satisfy the heightened standard.  *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191-92 & n.6 (5th Cir. 1992).

No. 19-40235

The instant case does not present a clear record of delay or contumacious conduct, nor is there any indication in the record that either the magistrate judge or the district court considered a lesser sanction. *See McNeal*, 842 F.2d at 790. Zellmar failed to comply only with a single order, which he asserted he did not receive. After receiving the magistrate judge's report and recommendation, he promptly responded. While Zellmar could have paid the filing fee at this point, his failure to do so was not attributable to "stubborn resistance to authority." *Millan*, 546 F.3d at 327. Rather, Zellmar expressed confusion about the handling of his first motion to proceed IFP, apparently erroneously believing that the court had failed to rule on it. He later paid the filing fee in full. Therefore, the district court's dismissal of Zellmar's complaint was an abuse of discretion. *See McNeal*, 842 F.2d at 790.

Accordingly, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings. We express no opinion on the merits of Zellmar's underlying § 1983 action.