# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2022

Lyle W. Cayce
Clerk

No. 21-40602
Summary Calendar

Lisa Marie Searcy,

*Plaintiff—Appellant*,

*versus*

Texas Attorney General Warren Kenneth Paxton, Jr.;
Helen Truscott, *Attorney*; Jennifer Burnett, *Attorney*; Jana
Wheeler, *Attorney*; Mark Aronowitz, *Attorney*; et al,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:21-cv-113

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Lisa Marie Searcy, Galveston County Jail inmate # 347183, filed an
action under 42 U.S.C. § 1983 against, *inter alia*, Texas Attorney General

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40602

Warren Kenneth Paxton, Jr., for various alleged violations of her constitutional rights related to pending state criminal charges and a child-custody case.  Proceeding *pro se*, Searcy challenges:  the dismissal without prejudice, under Federal Rule of Civil Procedure 41(b), of her action for want of prosecution because she did not comply with a district-court order to file an amended complaint on the court's prisoner's-civil-rights complaint form; and the district court's denial of relief under Federal Rule of Civil Procedure 60(b).

A district court's *sua sponte* dismissal is typically reviewed for abuse of discretion.  *E.g.*, *McNeal v. Papasan*, 842 F.2d 787, 789–90 (5th Cir. 1988).  A heightened standard of review applies, however, where, as in this matter, plaintiff's action likely would be barred by a statute of limitations if it were dismissed without prejudice.  *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008) (explaining "where the applicable statute of limitations likely bars future litigation, a district court's dismissal . . . should be reviewed under the same heightened standard used to review a dismissal with prejudice").  In such instances, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice.  *McNeal*, 842 F.2d at 793 n.1 (explaining "when the statute of limitations on a claim has expired, a dismissal of that claim without prejudice is, in reality, a sanction no less harsh than a dismissal with prejudice").  A dismissal with prejudice is improper unless the record evidences "both (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice".  *Id.* at 790.  Failure to comply with "a few" orders ordinarily will not be sufficient to satisfy the heightened standard.  *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191–92 & n.6 (5th Cir. 1992) (explaining "[g]enerally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion in dismissing the suit with prejudice").

No. 21-40602

Here, there is no clear record of delay or contumacious conduct, or any evidence that the court considered a lesser sanction. *See McNeal*, 842 F.2d at 790. Two days before the court's deadline for filing an amended complaint on the correct form, Searcy mailed what, in essence, was an amended complaint on a different form. Therefore, given the absence of a clear record of delay or contumacious conduct, the dismissal of Searcy's claim was an abuse of discretion. (As a result, we need not address the denial of the Rule 60(b) motion.)

VACATED and REMANDED.