# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2022

Lyle W. Cayce
Clerk

No. 20-40787
Summary Calendar

Cathy Haynes,

*Plaintiff—Appellant*,

*versus*

Turner Bass & Associates; Michael Bass; Damariscotta
Limited and Company; James E. Bass; Christine Bass;
Unknown Defendants; State of Texas; County of Smith;
City of Tyler, Texas,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:20-CV-192

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

In October 2019, Cathy Haynes, proceeding pro se, filed a civil complaint alleging that in March 2018, she discovered that the defendants

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

were responsible for the taking of her property, without notice, from a storage unit that she had been renting, which resulted in numerous violations of federal and state law and the Constitution. She filed an amended complaint and a motion to change venue in December 2019. In April 2020, correspondence sent to her by the court was subsequently returned to the court as undeliverable. In September 2020, as a result of the returned mail and Haynes's failure to communicate with the court since December 2019, the magistrate judge recommended that the district court dismiss the case without prejudice pursuant to Federal Rule of Civil Procedure 41(b) based on Haynes's failure to prosecute. Haynes did not object, and the district court entered a final judgment dismissing the case without prejudice pursuant to Rule 41(b). Following the dismissal, the previously mailed notice of the magistrate judge's report and recommendation was returned to the court as undeliverable. In November 2020, Haynes filed a motion to reopen and a request for reconsideration, providing the court with a new address and arguing that she had been unable to receive the court's correspondence until November 5, 2020, when the church to which her mail had been being sent had partially reopened after being closed due to the pandemic. The district court denied the motion. Haynes now appeals the district court's dismissal of her complaint and the district court's denial of her motion to reopen and request to reconsider, which the court construed as a motion under Federal Rule of Civil Procedure 60(b)(1).

We ordinarily review a district court's *sua sponte* dismissal pursuant to Rule 41(b) for abuse of discretion. *See McNeal v. Papasan*, 842 F.2d 787, 789-90 (5th Cir. 1988). But a heightened standard of review applies where, as here, a plaintiff's claims likely would be barred by a statute of limitations if they were dismissed without prejudice. *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). In such cases, a dismissal under Rule 41(b) is tantamount to a dismissal with prejudice. *McNeal*, 842 F.2d at 793

n.1. A dismissal with prejudice is improper unless the case history evidences both "(1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice." *Id.* at 790. A petitioner's delay meriting a Rule 41(b) dismissal with prejudice "must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." *Id.* at 791 (internal quotation marks and citation omitted). A party's negligence does not make conduct contumacious; rather, "it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Millan*, 546 F.3d at 327 (internal quotation marks and citation omitted).

In light of the short delay in communication and Haynes's arguments that she was unable to receive her mail, that she had repeatedly called the district court for updates, and that she had promptly provided a new address and filed the motion to reopen and request for reconsideration after she received notification of the dismissal, the instant case does not present a clear record of delay or contumacious conduct, and there is no indication in the record that either the magistrate judge or the district court considered a lesser sanction. *See McNeal*, 842 F.2d at 790. Additionally, there is no indication in the record that the defendants, who were not served, would be prejudiced. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Therefore, the district court's dismissal of Haynes's complaint was an abuse of discretion. *See McNeal*, 842 F.2d at 790.

Accordingly, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings. As a result, we need not address any separate arguments relating to the denial of the Rule 60(b) motion. We express no opinion on the merits of Haynes's underlying civil action.