# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-60201
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2024

Lyle W. Cayce
Clerk

Cos O. Denham,

*Plaintiff—Appellant*,

*versus*

U.S. Navy Recruiter John Watkins; U.S. Navy Recruiter
Matthew Olsen,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:23-CV-149

_____

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Jacques L. Wiener, Jr., *Circuit Judge*:[*]

Plaintiff-Appellant Cos O. Denham appeals, *inter alia*, the district court's (1) dismissal of his claims brought under the Americans with Disabilities Act (ADA) and the Notification and Federal Employee Antidiscrimination Act of 2002 (No FEAR Act); and (2) denial of his motion to amend his complaint. Denham appears to bring five issues on appeal: (1) alleged

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60201

retaliation by the Assistant U.S. Attorney (in the form of filing opposition responses to Denham's motions); (2) the district court's dismissal of his claims with prejudice; (3) alleged retaliation by another government attorney (in the form of filing the motion to dismiss, which the court granted); (4) alleged discrimination by the magistrate judge (in the form of staying various deadlines in the case until the motion to dismiss is adjudicated, pursuant to the Local Uniform Civil Rules for the Northern and Southern Districts of Mississippi); and (5) the district court's denial of his motion for leave to amend his complaint. However, the record indicates that no claims for retaliation were before the district court. Denham also fails to adequately brief his claim against the magistrate judge, so such arguments are deemed waived. *United States v. Zuniga*, 860 F.3d 276, 285 n.9 (5th Cir. 2017). Nevertheless, the record indicates that the magistrate judge stayed the case pursuant to its Local Rules. So the only issues we reach in this appeal are the district court's dismissal of Denham's ADA and No FEAR Act claims and its denial of his motion for leave to amend. We AFFIRM.

In October 2022, Denham attempted to re-enlist[1] in the United States Navy, but alleges he experienced discrimination because of his nocturnal enuresis[2] when Defendants-Appellees John Watkins and Matthew Olsen, two Navy recruiters, did not provide him with an online application. He also alleges that they discriminated against him by requiring that he take a physical readiness test. Defendants-Appellees filed a motion to dismiss before the district court, asserting that Denham (1) failed to properly effect service, (2)

---

[1] Denham's filings are less than clear, but it appears that he originally enlisted in the United States Navy in 2014 and was then medically separated. This case centers on his attempts to re-enlist, not—as he has characterized it—on the termination of his employment.

[2] Nocturnal enuresis is a condition that causes involuntary urination at night while asleep.

seeks relief under statutes that do not provide for a cause of action against the United States, and (3) fails to state a claim on which relief may be granted.[3] Denham then filed a motion for leave to amend his complaint.[4] Denham's proposed amended complaint would have added retaliation claims against opposing counsel and would have enlarged the relief sought to include reinstatement of years in service and additional monetary relief. Denham also sought to add, as bases for jurisdiction, the Rehabilitation Act, the Federal Tort Claims Act, the Whistleblower Protection Act ("5 USC [sic] 2302"), and "DOJ VI(IX)."

The district court granted the Defendants-Appellees' motion to dismiss, holding that Denham failed to properly serve them and, even if he had, he would still have failed to state a claim on which relief could be granted. That court denied Denham's motion for leave to amend his complaint, considering it futile.

"We review orders on Rule 12(b)(6) motions to dismiss for failure to state a claim under the *de novo* standard of review. In doing so, we must accept all facts in the complaint as true, but do not accept conclusory allegations, unwarranted factual inferences, or legal conclusions." *McKay v. LaCroix*, --- F.4th ---, No. 23-30775, 2024 WL 4262137 at *3 (5th Cir. Sept. 23, 2024) (citations omitted). We review dismissals under Rule 12(b)(5) for abuse of discretion. *Inmobiliaria Buda S. de R.L.de C.V. v. Brown*, No. 21-50660, 2022

---

[3] Defendants-Appellees also moved to dismiss, citing the *Feres* doctrine, *Feres v. United States*, 340 U.S. 135. 146 (1950), but the district court did not reach the merits of that issue.

[4] The record demonstrates that, in all, Denham filed nine motions for leave to amend his complaint throughout the course of this litigation, many of which motions the magistrate judge deemed moot or denied for failing to cure various deficiencies. As the district court observed, "Mr. Denham's proposed amendments all seek to add as defendants the government attorneys who responded to his motions."

WL 118425, at *1 (5th Cir. Jan. 11, 2022). A dismissal under 12(b)(5) is typically granted without prejudice because "dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim," and a district court's "dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (internal quotations and citations omitted). Contumacious conduct warranting dismissal with prejudice includes "egregious and sometimes outrageous delays" to effect service and a plaintiff's "stubborn resistance to authority." *Id.* (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)).

We review denial of a motion to amend for abuse of discretion, "but 'where the district court's denial of leave to amend was based solely on futility, this court applies a de novo standard of review.'" *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023) (quoting *Thomas v. Chevron U.S.A., Inc.*, 932 F.3d 586, 590 (5th Cir. 2016)).

The district court granted Defendants-Appellees' motion to dismiss. Although that court acknowledged that Denham's failure to properly effect service "alone [could] end the [its] analysis," it discussed Denham's failure to state a claim on which relief could be granted and ultimately dismissed his claims with prejudice. Because it is unclear whether the district court would have dismissed with prejudice solely on 12(b)(5) grounds, we review both grounds for dismissal.

The record shows Denham failed to timely serve the Attorney General and the U.S. Attorney for the Southern District of Mississippi, as is required by Federal Rules of Civil Procedure 4(i) and 4(m). When suing United States officers or employees in their official capacity, as Denham does here, the plaintiff must also serve the United States by "deliver[ing] a copy of the

summons and of the complaint to the United States attorney for the district where the action is brought" and "send[ing] a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1), (2). Denham filed his complaint on February 28, 2023, but he did not attempt to properly serve the U.S. Attorney for the Southern District of Mississippi and Attorney General until December 7, 2023, long after the 90 days required by Rule 4. Neither did Denham provide good cause for his failure to effect service. Instead, in response to Defendants-Appellees' motion to dismiss, Denham asked the court to issue summonses to the Attorney General and the U.S. Attorney, stating that "it is so many of them and one me." "Pro se status does not excuse a litigant's complete failure to effect service." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990). The district court did not err in granting the Defendants-Appellee's motion to dismiss on this basis.

Assuming arguendo that service was proper, the district court did not err in holding that Denham failed to state a claim on which relief could be granted. In his complaint, Denham raised both a No FEAR Act claim and an ADA failure-to-accommodate claim. We have recognized that other circuits have held that the No FEAR Act does not provide a private right of action. *Frazier-Barnes v. McDonough*, No. 22-60383, 2023 WL 3197059, at *6 (5th Cir. May 2, 2023). The district court thus properly dismissed Denham's claim under that statute. The ADA prohibits, *inter alia*, "covered entit[ies]" from discriminating on the basis of disability, and defines a covered entity as an "employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. §§ 12111, 12112(a). However, the United States is specifically excluded from the definition of "employer." § 12111(5)(B)(i). We have acknowledged that this exclusion applies to the entire federal government, which includes the Navy. *See Smith v. Potter*, 400 F. App'x 806, 812 (5th Cir. 2010). The district court properly dismissed

Denham's ADA claim. After holding that the ADA does not apply to the United States Navy, the district court also noted that, even if it did, Denham failed to explain how an online application constitutes a reasonable accommodation for a condition that causes "involuntary urination that happens at night, while sleeping." Because we agree that the ADA does not provide Denham a cause of action against the Navy, we need not reach the issue of reasonable accommodations. We therefore conclude that, because the district court could have dismissed Denham's claims solely on 12(b)(6) grounds, dismissal with prejudice was proper.

We turn finally to Denham's motion for leave to amend his complaint. The district court properly denied that motion because Denham's proposed amendment would have been futile. "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). Denham sought to add several statutes as bases of jurisdiction for his claims, none of which survive a 12(b)(6) motion. First, Denham's proposed amendment reasserts the same ADA and No FEAR Act claims, both of which fail for reasons already discussed. Second, a claim under the Rehabilitation Act is subject to the same analysis as an ADA claim, so that claim too would not survive a 12(b)(6) motion. *See T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 416 (5th Cir. 2021). Third, a claim brought under the Whistleblower Protection Act requires administrative exhaustion before seeking judicial review, but Denham did not show that he satisfied this jurisdictional requirement. *See Frazier-Barnes v. McDonough*, No. 3:20-CV-158, 2022 WL 19731248, at *4 (S.D. Miss. June 29, 2022). Fourth, the *Feres* doctrine bars a claim against the armed forces brought under the Federal Tort Claims Act, and courts exclude applicants to the armed forces from various types of discrimination suits. *See Feres v. United States*, 340 U.S. 135, 146 (1950) ("We conclude that the Government is not liable under the Federal Tort Claims Act for injuries

to servicemen where the injuries arise out of or are in the course of activity incident to service."); *see, e.g.*, *Brown v. United States*, 227 F.3d 295, 299 (5th Cir. 2000) ("Claims that involve this type of intrusion into military personnel decisions are not permissible, even under Title VII."); *Spain v. Ball*, 928 F.2d 61, 62 (2d Cir. 1991) (holding that a Navy applicant could not bring his discrimination suit). Finally, as the district court observed, the reference to "DOJ VI(IX)" "is confusing, as this is not a Title VI race discrimination case or a Title IX sex discrimination claim." None of the proposed additions to Denham's complaint could survive a 12(b)(6) motion, so the district court properly denied the amendment as futile.

AFFIRMED.